Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Six, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| IQ Data International, Inc., | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1.      Plaintiff Ryan Six ("Plaintiff") brings this action against Defendant IQ Data International, Inc. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**PARTIES**

4.      Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8.      Plaintiff is a natural person allegedly obligated to pay a debt.

9.      Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a residential apartment lease (the "Debt").

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

11.      Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12.      In order to help him resolve issues related to accounts on his credit report, Plaintiff retained counsel.

13.      In June 2021, Defendant reported the Debt on Plaintiff's credit reports.

14.     On August 18, 2021, Plaintiff's counsel sent Defendant written correspondence advising of Plaintiff's representation by counsel.

15.     Defendant received the August 18, 2021 letter on August 30, 2021.

16.     Thus, as of August 30, 2021, Defendant knew Plaintiff was represented by counsel and had knowledge of such counsel's name and address.

17.     Plaintiff's counsel did not fail to respond within a reasonable period of time to a communication from Defendant.

18.     Plaintiff's counsel did not consent to direct communication with Plaintiff.

19.     Nevertheless, in connection with the collection of the Debt, Defendant sent written correspondence dated September 3, 2021.

20.     Defendant's September 3, 2021 letter demanded payment of $5,460.85.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

21.     Plaintiff repeats and re-alleges each factual allegation above.

22.     Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff despite knowledge of Plaintiff's representation by counsel and knowledge of such counsel's name and address.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

23.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 8, 2022

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorney for Plaintiff