Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Six, | ) Case No. 2:22-cv-00203-MTL |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S MOTION TO** |
| | ) **EXCLUDE DEFENDANT'S EXPERT** |
| vs. | ) **OR STRIKE DEFENDANT'S** |
| | ) **EXPERT DISCLOSURE** |
| IQ Data International, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pursuant to Rules 37(b)(2)(A) and 37(c)(1) of the Federal Rules of Civil Procedure,[1] Plaintiff Ryan Six ("Plaintiff") moves to exclude Defendant IQ Data International, Inc.'s ("Defendant") disclosed expert, Michael Gulbranson ("Mr. Gulbranson"), or strike Defendant's expert disclosure, attached as Exhibit A.

**I.     Introduction.**

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. As one of its affirmative defenses, Defendant

---

[1] Plaintiff submits this motion in accordance with the Court's invitation at the September 21, 2022 discovery hearing to file an appropriate motion if Defendant's supplemental expert disclosure remained unsatisfactory. If Plaintiff's understanding is incorrect, he respectfully requests leave to file the instant motion.

Motion to Exclude or Strike - 1

relies the bona fide error defense provided by the FDCPA. *See id.* at § 1692k(c). To support the defense, Defendant identified its own employee, Mr. Gulbranson, as its expert witness. Following Defendant's disclosure, Plaintiff claimed the disclosure was insufficient and initiated a discovery dispute. After the parties jointly submitted the dispute, the Court found Defendant's expert disclosure deficient. Specifically, the Court found that the disclosure did not provide an adequate summary of the facts. After Defendant sat on its hands for almost a month, the Court set a deadline to supplement and Defendant did so on the deadline. Nevertheless, Defendant failed to comply with this Court's order or Rule 26, and its expert disclosure remains deficient. Plaintiff now seeks to exclude Defendant's expert or strike the expert disclosure.

**II.     Standard.**

Under Rule 26(a)(2)(C), disclosure of a "non-retained" expert must state: (i) the subject matter on which the witness is expected to present evidence and (ii) a summary of the facts and opinions to which the witness is expected to testify. The purpose is to allow the receiving party "to be able to read the disclosure and immediately be able to identify whether it needs a responsive witness and the information that such responsive witness would need to address." *Cooke v. Town of Colo. City*, 2013 U.S. Dist. LEXIS 19439, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed

evidence." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (citing *Yeti*, 259 F.3d at 1106). When the failure arises from the party's failure to comply with a court order, Rule 37(b)(2)(A)(ii) similarly allows the Court to prohibit the party from introducing the matter or using it to support the defense.

**III.    Defendant's supplemental expert disclosure still fails to state the specific facts relied upon by Mr. Gulbranson in forming his purported opinions.**

Under the FDCPA's bona fide error defense, a debt collector may avoid liability for its violations if "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The bona fide error defense is an affirmative defense, for which the defendant has the burden of proof. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008). Here, Defendant designates Mr. Gulbranson to offer expert testimony on the procedure prong: That Defendant "maintains, implements, and provides employee training on policies and procedures that are reasonably adapted to prevent communications to consumers after receiving notice that such consumer is represented by counsel." *See* Exhibit A, at 4-5[2].

The Ninth Circuit uses a two-step process to determine whether the procedures prong is met in any given case: first, the debt collector must "maintain[]—i.e., actually employ or implement—procedures to avoid errors; and second, the procedures must be "reasonably adapted" to "avoid the *specific error* at issue." *Reichert*, 531 F.3d at

---

[2] Plaintiff cites to the page number on the bottom of the disclosure, excluding the exhibit cover page.

1006 (quoting *Johnson v. Riddle*, 443 F.3d 723, 729 (10th Cir. 2006)) (emphasis added). Whether the procedures were reasonably adapted is "a fact-intensive question." *Id.* (quoting *Wilhelm v. Credico Inc.*, 519 F.3d 416, 421 (8th Cir. 2008)). As the Ninth Circuit explained:

> To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors, including, but not limited to, errors in calculation and itemization. The latter would include errors in claiming collection expenses of the creditor that could not legitimately be part of the debt owed by the debtor.
>
> If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. *See Wilhelm,* 519 F.3d at 421. Only then is the mistake entitled to be treated as one made in good faith.

*Id.* at 1007.

Thus, to properly disclose Mr. Gulbranson under Rule 26(a)(2)(C)(ii), Defendant must disclose a "summary of the facts" necessary to establish this prong. More specifically, Defendant must disclose a summary of facts related to: (1) the specific error; (2) the procedures upon which it relies; (3) how the procedures are designed to avoid the error; (4) how the procedures are maintained; and (5) how the procedures are implemented. Defendant does nothing more than point to the procedures:[3]

> In addition to factual testimony, Mr. Gulbranson is expected to offer opinion testimony in relation to the bona fide error defense, that in order to

---

[3] "Any additional information is indicated in this disclosure with ***bold italic font, retractions in*** ~~***strikethrough***~~***.***" Exhibit A at 1.

>ensure compliance with the FDCPA, IQ Data maintains, implements, and provides employee training on policies and procedures that are reasonably adapted to prevent communications to consumers after receiving notice that such consumer is represented by counsel. Specifically, Mr. Gulbranson is expected to ***provide opinion testimony testify*** ~~testify that such policies and procedures are~~ that such policies and procedures are that ***policy number CP 0849 (previously disclosed and marked as IQDATA000078-79), and employee training on the same is*** reasonably adapted to prevent IQ Data from communicating with represented individuals. ***Mr. Gulbranson is further expected to provide opinion testimony that policy number CP 0852 (previously disclosed and marked as IQDATA000080-81), and employee training on the same is reasonably adapted to ensure IQ Data reviews and processes all incoming mail.*** Mr. Gulbranson's opinions are based on his experience and training as the Vice President of ARS Leader for I.Q. Data, ***his role in implementation of IQ Data's policies and procedures (previously disclosed and marked as IQDATA000078-81)***, IQ Data's policies and procedures ***(previously disclosed and marked as IQDATA000078-81)***, IQ Data's training programs, the FDCPA, and based on his education***,*** ~~and~~ background ***and employment***.

Exhibit A at 5 (emphasis in original).

Defendant identifies no error or a summary of the facts about such error. Rather, Defendant appears to designate Mr. Gulbranson to testify generally that its policies and procedures "ensure compliance with the FDCPA," not avoid any error. *Id.* Without identifying the error, it is impossible to determine how any policies or procedures are designed *to avoid the error*. If Defendant violated the FDCPA by virtue of simply following its own policies and procedures, then it did not commit any error, nonetheless a bona fide error required for the defense.

Defendant points to two policies. But other than simply disclosing the policies themselves, Defendant provides no information as to how they were designed to prevent its unidentified error, how it maintained the policy, or how it trained employees on the policies. For the first policy, it simply asserts a legal conclusion that "employee training

on the same is reasonably adapted to ensure IQ Data reviews and processes all incoming mail." For the second, it similarly asserts the legal conclusion that "employee training on the same is reasonably adapted to ensure IQ Data reviews and processes all incoming mail." Defendant's disclosure is legally deficient. *See Gallardo v. AIG Domestic Claims, Inc.*, 629 F. App'x 783, 785 (9th Cir. 2015) ("[T]the expert provided a bare legal conclusion that was properly excluded by the district court.").

Defendant will likely argue that it sufficiently disclosed that "Mr. Gulbranson's opinions are based on his experience and training as the Vice President of ARS Leader for I.Q. Data, *his role in implementation of IQ Data's policies and procedures (previously disclosed and marked as IQDATA000078-81)*, IQ Data's policies and procedures *(previously disclosed and marked as IQDATA000078-81)*, IQ Data's training programs, the FDCPA, and based on his education*, and* background *and employment*." *See* Exhibit A at 5. But Defendant only points to the procedures. It still identifies no training programs, no education, no background, and only points the FDPCA generally. Instead of supplementing with a summary of the facts, Defendant instead adds that Mr. Gulbranson will rely on his employment—also excluding any summary of the facts in support.

"The purpose of the Rule 26(a)(2)(C) requirement is to allow the party in receipt of the disclosure to be able to read the disclosure and immediately be able to identify whether it needs a responsive witness and the information that such responsive witness would need to address." *Cooke v. Town of Colorado City*, No. CV 10-08105-PCT-JAT, 2013 U.S. Dist. LEXIS 19439, 2013 WL 551508, at *4 (D. Ariz. Feb. 13, 2013). The

purpose is not to force Plaintiff to guess, nor is a disclosure proper because Defendant may think Plaintiff can guess correctly. *Jones v. Colorado Cas. Ins. Co.*, No. CV-12-01968-PHX-JAT, 2015 U.S. Dist. LEXIS 141897, 2015 WL 6123125, at *2 (D. Ariz. Oct. 19, 2015) ("In this case, the Court cannot conclude that Plaintiff's failure to properly follow the requirements of Rule 26(a)(2)(C) was harmless because Plaintiff believes that Colorado Casualty could have correctly guessed at the substance of Dr. Dewanjee's testimony from his prior deposition testimony, medical records, and prior disclosures.").

Defendant "has not disclosed the factual bases for 'how' or 'why' the non-retained expert[] formed [his] opinions." *O'Daniel v. Ariz. Hay & Feed LLC*, 2022 U.S. Dist. LEXIS 82532. *8 (D. Ariz. May 5, 2022). Thus, the Court should exclude Mr. Gulbranson from testifying as an expert and/or strike the deficient expert disclosure. *Gallardo*, 629 F. App'x at 785.

**IV.  Conclusion.**

Defendant's disclosure remains legally deficient because it fails to disclose "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). Likewise, Defendant failed to comply with the Court's order that it "must amend its disclosures to provide a summary of [i] the specific facts relied upon by Mr. Gulbranson and [ii] the opinions that will be provided in his testimony." Doc. 45 at 2.

WHEREFORE, Plaintiff respectfully requests the Court exclude Mr. Gulbranson from testifying as an expert and/or strike the deficient expert disclosure.

Dated: October 13, 2022

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2022, the foregoing was filed with the Court using CM/ECF, which will send notification of such filing to Defendants through counsel of record.

s/ Russell S. Thompson, IV
Russell S. Thompson, IV