WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Six,<br><br>               Plaintiff,<br><br>v.<br><br>IQ Data International Incorporated,<br><br>               Defendant. | No. CV-22-00203-PHX-MTL<br><br>**ORDER** |

The Court now resolves Plaintiff Ryan Six's Motion for Attorney Fees re Sanctions (Doc. 109). For the following reasons the Court grants Plaintiff's Motion with modifications.

**I.      BACKGROUND**

As the Court previously described the factual background underlying the dispute, it will only briefly reiterate it here. Six sued Defendant IQ Data International Incorporated ("IQ Data") alleging that IQ Data mailed him a collection letter despite knowing he was represented by counsel—what he claims constitutes a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Doc. 1.) IQ Data denied the allegations and stridently maintained that Six lacked Article III standing to bring this lawsuit. Instead of raising these arguments in a dispositive motion, however, IQ Data chose to file a Federal Rule of Civil Procedure 11 Motion (the "Rule 11 Motion") requesting sanctions against Six and his counsel on the basis that Six's Complaint "contained allegations for which [Six] does not have standing to sue . . . ." (Doc. 32 at 1.)

Following Plaintiff's allegations that IQ Data's counsel engaged in misconduct in filing the Rule 11 Motion and rebuking his requests for extension of time on filing deadlines (Doc. 87 at 2), the Court set a hearing to determine whether sanctions against IQ Data and its counsel were appropriate (Doc. 88). At the hearing, the Court determined that IQ Data's Rule 11 Motion was frivolous and filed for the purpose of leveraging a settlement. (Doc. 106 at 42.) The Court further found that the Rule 11 Motion was made recklessly and with bad faith and that it was improperly filed as an alternative to a dispositive motion. (*Id.*) Moreover, the Court concluded that IQ Data's denial of Six's requests for an extension of time to respond to the summary judgment motion was vexatious and done for the purpose of harassment. (*Id.*) The Court finally found that IQ Data's counsel had misrepresented to the Court their reasoning for requesting a modification of the Scheduling Order. (*Id.* at 43.) Specifically, IQ Data's counsel said that they wished to modify the scheduling order to increase settlement prospects in a cost-effective manner, implying that the parties agreed to pause litigation activity, only to file a motion for summary judgment immediately thereafter, which, of course, only serves to multiply the proceedings. (*Id.*) At the conclusion of the hearing, the Court invited Six's counsel to file a motion for the award of attorneys' fees limited to those fees incurred in dealing with IQ Data's Rule 11 Motion and the requests for an extension of time to respond to the summary judgment motion—including fees incurred for the hearing and the Motion to Modify the Scheduling Order. (*Id.*)

II. **LEGAL STANDARDS**

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Beyond this statutory grant of authority, the Court also possesses the inherent power "to impose sanctions in the form of fee awards[.]" *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481 (9th Cir. 1989). Indeed, it is well established that a court may utilize its inherent authority to "levy fee-based sanctions when a party has acted in bad faith,

vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 & n.10 (1991)). While "bad faith [or conduct tantamount to bad faith] is required [to sanction] under the court's inherent power . . . recklessness suffices for § 1927" sanctions. *B.K.B v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quotation omitted). The Court has substantial discretion to decide whether to award sanctions under § 1927 or its inherent authority, and in what amount. *Haynes v. City and County of San Francisco*, 688 F.3d 984, 987–88 (9th Cir. 2012). And the purpose of an award "may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or to both compensate and deter." *Id.* at 987.

To determine the reasonableness of a requested award of attorneys' fees, the Court uses the "lodestar" approach. *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022); *see also Pelayo v. Platinum Limousine Servs., Inc.*, 804 F. App'x. 522, 524 (9th Cir. 2020). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe*, 2022 WL 508841, at *1 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)). The Court may adjust the lodestar amount to account for the *Kerr* factors. *Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 485 (D. Ariz. 2019). Those factors include:

> (1) [T]he time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) ("Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.").

**III.     DISCUSSION**

**A.     Authority to Award Fees**

IQ Data argues that the "request for fees should be denied in its entirety because IQ Data and its counsel's conduct . . . occurred in good faith, within all applicable rules and orders, and in defense against a Complaint that lacks standing and merit." (Doc. 113 at 5.) But, as Six's counsel highlights, the Court has already determined the opposite to be the case. For one, an argument that a complaint insufficiently pleads allegations giving rise to Article III standing properly forms the basis of a dispositive motion, not a Rule 11 request for sanctions, without more. At the hearing to determine sanctions, the Court found that the Rule 11 Motion was frivolous, made in bad faith, and made with the intent to leverage a settlement. As the Court explained at the hearing, the use of Rule 11 to lever a settlement drives a wedge between a lawyer and his client. This is so because the threat of Rule 11 sanctions thrusts the lawyer into a self-preservation dilemma: settle your client's case or face personal sanctions. IQ Data's representative admitted at the hearing that he approved the filing of the Rule 11 Motion and defended its filing on the basis that "these cases do not belong in federal court" and that Rule 11 motions are appropriate when an attorney "does not recognize that they don't have" standing. (Doc. 106 at 11–14.) That the Court ultimately found IQ Data's standing arguments to be persuasive, however, is no obstacle to making a finding of bad faith. *See Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (explaining that bad faith is present when an attorney "argues a meritorious claim for the purpose of harassing an opponent"). The Court further concluded that IQ Data acted with bad faith in denying Six's extension requests and moving for a modification of the Scheduling Order. Indeed, in doing so, IQ Data

1 successfully deceived the Court into granting the motion.

2 These findings enable the Court to award attorneys' fees as a sanction pursuant to both 28 U.S.C. § 1927 and its inherent authority. *See Fink*, 239 F.3d at 993–94 (explaining that "recklessness suffices for § 1927" and "conduct tantamount to bad faith," including "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" suffices for inherent authority sanctions).

### B. Reasonableness of Fees

Six's counsel argues that they are entitled to a fee award in the total amount of $49,927.75. (Doc. 115 at 11.) Six's counsel first arrives at an initial lodestar figure of $45,491.04 by taking their two respective billing rates of $465.80 and $407.57 an hour and multiplying that by the hours each worked, 70.1 and 31.5 hours, respectively. (Doc. 109 at 6.) Six's counsel also seeks an additional $2,288.23 and $1,682.68 in fees associated with the preparation of their motion, supporting documents, and reply. (*Id.*; Doc. 115 at 11.) IQ Data responds that the requested fees should be significantly reduced for four primary reasons. (Doc. 113 at 5.) First, Six's counsel requests fees for billing entries that are outside the scope of the Court's findings at the sanctions hearing. (*Id.*) Second, Six's counsel requests fees for unreasonable and duplicative billing entries. (*Id.*) Third, many of Six's counsel's billing entries fail to comply with LRCiv. 54.2(e)(2), which requires a party seeking an award of fees to adequately describe the services rendered so that the reasonableness of the charge can be evaluated. (*Id.*) And fourth, Six's counsel's billing rate should be reduced. (*Id.*)

The Court expressly stated that any fee award would be limited to those fees incurred in relation to IQ Data's Rule 11 Motion, the extension requests relating to IQ Data's summary judgement motion, the sanctions hearing, and the Motion to Modify the Scheduling Order. (Doc. 106 at 43.) As a result, the Court will deny the fees requested stemming from Six's previously denied Motion for Judgment on the Pleadings. The Court did not reference that motion at the hearing and finds no good cause for awarding fees in connection with the other matters. Similarly, the Court will not award fees arising from

Six's Motion to Stay or his own—never filed—Rule 11 motion. Again, the Court did not invite Six's counsel to file a request for all fees incurred in this litigation. Rather, the Court, in an exercise of its discretion and inherent authority, specifically enumerated items for which Six's counsel could move for fees. Accordingly, any fees not related to the above listed conduct will be denied and the reasonable number of hours expended will be eliminated. The Court also notes that many of the fees requested reflect duplicative billing entries, clerical work, or block billing practices. The Court will not award fees for entries reflecting a review of another attorney's work. To the extent such review adds value, it is clerical, rather than legal, in nature.

The Court finds the requested billable rate to be unreasonable for this type of matter. In determining whether an hourly rate is reasonable, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Six's lead counsel cites three cases in this district finding his $400/hour rate to be reasonable. (Doc. 109 at 6–7.) But each of those cases involved class allegations and unopposed settlement approval requests that are not present here. *See Akins v. Seidberg L. Offs. PC*, No. CV-18-00954-PHX-DJH, 2019 WL 2395554, at *1 (D. Ariz. June 6, 2019); *Ogletree v. Cafe Valley Inc.*, No. CV-16-03881-PHX-JJT, 2018 WL 4179060, at *1 (D. Ariz. Apr. 13, 2018); *Jordan v. Freedom Nat'l Ins. Servs. Inc.*, No. CV-16-00362-PHX-DLR, 2017 WL 10185526, at *2 (D. Ariz. July 20, 2017). This case presents much simpler, formulaic elements. In the words of Six's counsel, this is a "mundane FDCPA case" with a single count and a four-page notice pleading complaint. (Doc. 109 at 13.) When confronted with single plaintiff FDCPA actions, courts in this District have found billing rates of $350 per hour to be reasonable. *See, e.g.*, *Webb v. Vial Fotheringham LLP*, No. CV-17-01476-PHX-DJH, 2019 WL 479834, at *2 (D. Ariz. Feb. 7, 2019) (finding a $350 hourly rate in a FDCPA case to be reasonable); *St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823, 827 (D. Ariz. 2010) (finding a $350 hourly rate reasonable for a FDCPA case filed in the Phoenix market). The requested $465.80 and $407.57 hourly rates

are grossly excessive for this type of work in the Phoenix market. Accordingly, the Court will discount the rates to $350 and $300 an hour, respectively. That Six's counsel ultimately proved unsuccessful in litigating the issue of standing does not alter this conclusion. Indeed, Six's counsel claims to be "

on the cutting edge of the issue of standing and is actively developing the law in this area" and has successfully litigated other matters presenting similar issues. (Doc. 109 at 12.) Six's counsel, presumably, has already researched, presented, and litigated many of the same arguments present in this case.

After discounting the number of hours billed and the corresponding billable rates as contemplated above, the Court reaches a lodestar amount of $17,520.* Although the lodestar amount may be adjusted to account for factors not subsumed within its analysis, the Court finds no good cause for doing so.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting, with modifications, Plaintiff Ryan Six's Motion for Attorney Fees re Sanctions (Doc. 109).

**IT IS FURTHER ORDERED** that Defendant IQ Data International, Inc. and its counsel, Carpenter, Hazlewood, Delgado & Bolen LLP, shall be jointly and severally liable for $17,520 in attorneys' fees. Payment must be made within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall file a notice of satisfaction within seven (7) days of the receipt of the full amount of attorneys' fees as contemplated by this Order.

Dated this 18th day of May, 2023.

Michael T. Liburdi
United States District Judge

---

* The Court attaches a spreadsheet showing its specific discounting and calculations as an appendix to this Order.

| Date | Timekeeper | Billing Entry | Requested Hours | Requested Rate | Requested Amount | Court's Explanation for Discount | Hours Awarded for Russell S. Thompson | Hours Awarded for Jose Gill |
|---|---|---|---|---|---|---|---|---|
| 1-Dec-22 | Russell S Thompson | Misc: (RT*) Prepare for Sanctions Hearing - final prep of outline, printed necessary documents, and familiarize as much as possible to avoid needing to look through docs | 3.3 | 465.8 | $1,537.14 | | 3.3 | |
| 1-Dec-22 | Russell S Thompson | Hearing: (RT) On D's conduct/sanctions - Travel to Court (.5); in court (including recess to discuss settlement) (1.8) travel from court (.7) | 3 | 465.8 | $1,397.40 | Removed time for travel to Court | 2.8 | |
| 29-Nov-22 | Russell S Thompson | Finished draft proposed response to IQ's sanctions brief, sent to Jose review | 1.4 | 465.8 | $652.12 | | 1.4 | |
| 29-Nov-22 | Russell S Thompson | Motion: (RT) For leave to respond and for leave to file settlement conference memo - reviewed Jose's comments and proposed edits, and performed final review and edits before filing | 0.8 | 465.8 | $372.64 | | 0.8 | |
| 29-Nov-22 | Jose Gill | Review RT's response to D's brief re sanctions Provide notes and revisions in redline | 2.6 | 407.57 | $1,059.68 | Duplicative attorney work | | |
| 29-Nov-22 | Jose Gill | Review RT's revised MFL and proposed response | 0.6 | 407.57 | $244.54 | Duplicative attorney work | | |
| 28-Nov-22 | Russell S Thompson | Reviewed Court's order (.1); email to client re appearance in-person on Thursday, advised will call when out of mediation today, gave some background on hearing (.2) | 0.3 | 465.8 | $139.74 | | 0.3 | |
| 28-Nov-22 | Russell S Thompson | Call with client to discuss order and Thursday hearing | 0.3 | 465.8 | $139.74 | | 0.3 | |
| 28-Nov-22 | Russell S Thompson | Continued drafting proposed response to CHDB's sanctions brief (3.3); call with Jose to discuss further (.5) | 3.8 | 465.8 | $1,770.04 | | 3.8 | |
| 23-Nov-22 | Russell S Thompson | Call with Jose to discuss IQ's filing per court order | 0.4 | 465.8 | $186.32 | Fails to comply with LRCiv 54.2 Unclear what "IQ's Filing" refers to | | |
| 23-Nov-22 | Russell S Thompson | Additional call with Jose to discuss thoughts on representations in IQ's filings so far today and how we should proceed given false emails, misrepresentations, etc | 0.8 | 465.8 | $372.64 | Fails to comply with LRCiv 54.2 Unclear what "IQ's Filing" refers to | | |
| 23-Nov-22 | Russell S Thompson | Began reviewing IQ's/counsels response to court's order re sanctions, taking notes on false or misleading statements, will need to address many false statements and attempts to throw me under the bus | 3.6 | 465.8 | $1,676.88 | | 3.6 | |
| 23-Nov-22 | Russell S Thompson | Finished reviewing response to Court's order and exhibits, began legal research and drafting motion for leave to respond and draft response | 9.2 | 465.8 | $4,285.36 | Improper block billing | | |
| 22-Nov-22 | Jose Gill | Call with RT re D's brief on sanctions .4; begin reviewing D's brief re sanctions 2.3 additional call with RT to discuss (.8) | 3.5 | 407.57 | $1,426.50 | | | 3.5 |
| 17-Nov-22 | Russell S Thompson | Email from OC re motion for extra pages, reviewed order and rule to see if appropriate (.2) discussed w Jose (.1) prepared responsive email (.1) | 0.4 | 465.8 | $186.32 | Not within items listed by Court | | |
| 8-Nov-22 | Russell S Thompson | Reviewed and ensured (88) Order properly diaried | 0.1 | 465.8 | $46.58 | Not within items listed by Court | | |
| 7-Nov-22 | Russell S Thompson | Called OC after noon deadline re position on any extension (already opposes 30 days) as discussed at end of depo, left message | 0.1 | 465.8 | $46.58 | | 0.1 | |
| 7-Nov-22 | Russell S Thompson | Motion: (RT) to extend deadline to respond to MSJ - reviewed file, email correspondence with OC, and notes from 30(b)(6) depo, to prepare motion to extend and detailing conduct in this case to support good cause to extend the deadline Otherwise, will be forced to pay for immediate transcript and rush response | 2.3 | 465.8 | $1,071.34 | | 2.3 | |
| 7-Nov-22 | Jose Gill | Review and Revise RT's motion for more time to respond to MSJ | 1.5 | 407.57 | $611.36 | Duplicative attorney work | | |
| 23-Sep-22 | Russell S Thompson | Discovery: (RT) Joint Motion to Modify Deadlines - prepared draft motion and sent to OC for review and approval | 0.3 | 465.8 | $139.74 | | 0.3 | |
| 22-Sep-22 | Russell S Thompson | Email to OC re joint motion to modify scheduling order | 0.1 | 465.8 | $46.58 | | 0.1 | |
| 18-Aug-22 | Russell S Thompson | Reviewed order denying Rule 11 motion | 0.1 | 465.8 | $46.58 | | 0.1 | |
| 18-Aug-22 | Russell S Thompson | Reviewed order denying motion to stay | 0.1 | 465.8 | $46.58 | Not within items listed by Court | | |
| 17-Aug-22 | Russell S Thompson | Motion: (RT) To Stay or Alternatively Extend Expert/Settlement deadlines - researched any case law re stay with Rule 11 motion pending (no success) and drafted detailed motion to stay (2.8); edits and revisions following Jose's review (.2) prepared PO (.1) | 3.1 | 465.8 | $1,443.98 | Not within items listed by Court | | |
| 17-Aug-22 | Jose Gill | Review and revise RT's motion to stay | 1.4 | 407.57 | $570.60 | Not within items listed by Court; Duplicative attorney work | | |
| 8-Aug-22 | Russell S Thompson | Email to OC re jointly moving to stay or moving forward with disputes and extending good faith settlement deadline until after Rule 11 motion resolved | 0.2 | 465.8 | $93.16 | | 0.2 | |
| 1-Aug-22 | Russell S Thompson | Email from OC now trying to use settlement discussion deadline to leverage its Rule 11 motion for settlement | 0.1 | 465.8 | $46.58 | | 0.1 | |
| 15-Jul-22 | Russell S Thompson | Email from OC soliciting demand (.1); research/discussed implications/propriety of same and discussed with JG (.3) | 0.4 | 465.8 | $186.32 | | 0.4 | |
| 15-Jul-22 | Jose Gill | Research R11 and settlement, send draft response to OC's contact to RT for his consideration | 1.1 | 407.57 | $448.33 | | | 1.1 |
| 15-Jul-22 | Jose Gill | Discussed Rule 11 issue with RT | 0.3 | 407.57 | $122.27 | | | 0.3 |
| 11-Jul-22 | Russell S Thompson | Review: [RT] - (39) Reply Supporting Defendant's Rule 11 Motion - reviewed (.3); discussed whether to strike/surreply with Jose (.3) | 0.6 | 465.8 | $279.48 | | 0.6 | |
| 11-Jul-22 | Jose Gill | Review D's R 11 reply (.2) and discuss with RT (.3) | 0.5 | 407.57 | $203.79 | | | 0.5 |

| Date | Person | Description | Hours | Rate | Amount | Notes | | |
|---|---|---|---|---|---|---|---|---|
| 7-Jul-22 | Nikki Taylor | Review incoming ECF Notification with (39) Reply Supporting Defendant's Rule 11 Motion Task the same for Attorney for review | 0 | 135 | $0 00 | | | |
| 30-Jun-22 | Nikki Taylor | Review file Finalize Response to CR 11 Motion for filing E-file with same with the Court | 0 | 135 | $0 00 | | | |
| 27-Jun-22 | Russell S Thompson | Review, revise, comment on revised response to Rule 11 motion | 0 4 | 465 8 | $186 32 | Duplicative attorney work | | |
| 27-Jun-22 | Jose Gill | Revise draft Rule 11 response per RT's comments | 0 9 | 407 57 | $366 81 | Duplicative attorney work | | |
| 24-Jun-22 | Jose Gill | Continued to draft and revise response to R11 motion - continued legal research on recent standing opinions, including reviewing 1692c(a)(2) cases and those citing to Lupia (10th Cir ) 7; drafted section on misrepresenting RT's statements at R16 7; legal research and drafted section re attorney fees 6; R 11 standard 2; drafted intro 7; reviewed and revised for clarity/make more compelling 6 | 3 5 | 407 57 | $1,426 50 | | | 3 5 |
| 23-Jun-22 | Russell S Thompson | Review: (RT) - (32) Defendants Rule 11 Motion for Sanctions - made notes for JG when preparing response | 0 6 | 465 8 | $279 48 | | 0 6 | |
| 23-Jun-22 | Nikki Taylor | Review incoming ECF Notice of (32) Defendant's Rule 11 Motion for Sanctions Task the same for review by Attorney Update case file and notes | 0 | 135 | $0 00 | | | |
| 23-Jun-22 | Jose Gill | Prepared draft response to R11 motion - reviewed motion 7; repurposed relevant sections of unfiled draft Rule 11 motion and MJOP, performed updated standing research for standing section 2 6 | 3 3 | 407 57 | $1,344 98 | | | 3 3 |
| 9-Jun-22 | Russell S Thompson | Motion: (RT) Reply to MJOP DUE 6/13 - reviewed and revised per JG's comments and revisions ( 4); email from OC re standing on motion, updated accordingly ( 1) filed | 0 5 | 465 8 | $232 90 | Not within items listed by Court | | |
| 9-Jun-22 | Nikki Taylor | Save (31) Plaintiff's Reply to MJOP | 0 | 135 | $0 00 | | | |
| 8-Jun-22 | Russell S Thompson | Discussed offset with JG ( 3); additional legal research and finalized draft MJOP reply (4 9) reviewed and revised for clarity and page limit ( 4) | 5 6 | 465 8 | $2,608 48 | Not within items listed by Court | | |
| 8-Jun-22 | Russell S Thompson | f/u to oc on conferring over MJOP (as raised in motion), and IQ's position on withdrawing any defenses | 0 1 | 465 8 | $46 58 | Not within items listed by Court | | |
| 8-Jun-22 | Jose Gill | Researched issue and nature of setoff, prepare notes, em to RT | 1 5 | 407 57 | $611 36 | Not within items listed by Court | | |
| 8-Jun-22 | Jose Gill | Revised RT's draft reply to MJOP | 1 3 | 407 57 | $529 84 | Not within items listed by Court | | |
| 7-Jun-22 | Russell S Thompson | email to OC re opposition noting did not confer, requesting whether they will withdraw or attempt to cure even though with disagree that conferral was required | 0 1 | 465 8 | $46 58 | Not within items listed by Court | | |
| 7-Jun-22 | Russell S Thompson | Reviewed IQ's response to MJOP (1 7), began legal research and drafting reply to Motion for Judgment on the Pleadings - legal research and drafting section(s) on MJOP, not to strike ( 8); LR 12 1 ( 2); Standing ( 3); failure to state a claim ( 2); Twombly and Iqbal section ( 7); estoppel generally ( 4); equitable estoppel ( 4); reservation of rights ( 2); offset (1 4); no damages/failure to mitigation ( 9); leave should be denied ( 2); intro ( 2); reviewed and revised draft before sending to JG for review ( 8) | 8 4 | 465 8 | $3,912 72 | Not within items listed by Court | | |
| 7-Jun-22 | Nikki Taylor | Review incoming ECF with Response to Motion For Judgment on the Pleadings and Proposed Order Update client file and task same for Attorney review | 0 | 135 | $0 00 | | | |
| 2-Jun-22 | Russell S Thompson | Reviewed OC's letter response re Rule 11 threats - still says nothing and makes no argument | 0 1 | 465 8 | $46 58 | | 0 1 | |
| 23-May-22 | Russell S Thompson | Motion: (RT) JOP re standing affirmative defense - reviewed and revised per JG's review ( 3); prepared PO ( 1); finalized letter response re Rule 11 and sent to Defendant ( 1) | 0 5 | 465 8 | $232 90 | Other entires not within items listed by Court and duplicative attorney work | 0 1 | |
| 20-May-22 | Jose Gill | Revised RT's draft MJOP | 2 9 | 407 57 | $1,181 95 | Not within items listed by Court | | |
| 19-May-22 | Russell S Thompson | Motion: (RT) for Judgment on the Pleadings (to avoid/deter Rule 11 motion) - legal research, and drafted section(s) on, standards ( 2); failure to state a claim ( 2); IQ violated 1692c(a)(2) ( 6); no damages ( 3); estoppel (1 2); reservation of rights ( 2); offset (1 3); consolidated and revised section on standing from draft Rule 11 motion ( 6); intro ( 2); reviewed and revised before sending to JG to review ( 3) | 5 1 | 465 8 | $2,375 58 | Not within items listed by Court | | |
| 18-May-22 | Jose Gill | Review R11 motion and history thus far, provided comments, edits, feedback, and suggestions on draft Rule 11 response letter to defendant | 4 5 | 407 57 | $1,834 07 | | | 4 5 |
| 17-May-22 | Russell S Thompson | Reviewed transcript hearing in detail, sketched outline for memo re same, and prepared detailed memo discussing counter arguments to Rule 11 to deter IQ from filing threatened motion (4 3); sent to Jose to review and discuss | 4 3 | 465 8 | $2,002 94 | | 4 3 | |
| 12-May-22 | Russell S Thompson | Received Rule 11 motion from Def, reviewed ( 4) discussed with Jose ( 4) | 0 8 | 465 8 | $372 64 | | 0 8 | |
| 12-May-22 | Nikki Taylor | Received and reviewed email from opposing counsel Pulled and saved transcript | 0 | 135 | $0 00 | | | |
| 12-May-22 | Nikki Taylor | Received and reviewed email from opposing counsel Pulled and saved rule 11 motion to file for attorney review | 0 | 135 | $0 00 | | | |
| 12-May-22 | Jose Gill | Call with RT to discuss R16 transcript and R11 motion he was served | 0 4 | 407 57 | $163 03 | | | 0 4 |
| 29-Apr-22 | Russell S Thompson | Review: (22) Transcript Request, (23) Notice of Deficiency, (24) Amended Transcript request | 0 1 | 465 8 | $46 58 | Not within items listed by Court | | |

| Date | Attorney | Description | Hours | Rate | Amount | Court's Note | | Awarded Hours (RT) | Awarded Hours (JG) |
|---|---|---|---|---|---|---|---|---|---|
| 14-Apr-22 | Russell S. Thompson | Motion: (RT*) Draft Rule 11 motion and response to threatened Rule 11 motion - reviewed Jose's comments and proposed suggestions, finalized version to be ready to serve asap including additional legal research and supplementing standing arguments | 1.3 | 465.8 | $605.54 | Not within items listed by Court; Does not specify amount of time spent drafting response to Rule 11 Motion | | | |
| 14-Apr-22 | Jose Gill | 1.3 Review RT's draft response to Rule 11 motion and draft Rule 11 motion prepared in anticipation of D's rule 11 motion. Provide notes to him re the same | 1.3 | 407.57 | $529.84 | Not within items listed by Court; Does not specify amount of time spent drafting response to Rule 11 Motion | | | |
| 12-Apr-22 | Russell S. Thompson | Motion: (RT*) Draft Rule 11 motion and response to threatened Rule 11 motion - finished researching and drafting motion and response, including legal research and drafting esction on comparing only the harm (not elements) (2.3); Intro (2); conclusion (.3) | 2.8 | 465.8 | $1,304.24 | Not within items listed by Court; Does not specify amount of time spent drafting response to Rule 11 Motion | | | |
| 7-Apr-22 | Russell S. Thompson | Began drafting opposition to threatened Rule 11 motion - legal research and drafted section on service of motion in advance (.6); legal research and drafted sections on standing, including under 1692c(a)(2), and harms comparable to IOP (intrusion upon seclusion) (3.6) | 4.2 | 465.8 | $1,956.36 | | | 4.2 | |
| 6-Apr-22 | Russell S. Thompson | Reviewed Rule 11 letter (.1); and discussed with Jose (.3); it appears IQ may intend to seek sanctions without complying properly under Rule 11 with copy of motion. Decided to draft Rule 11 motion to serve immediately for such failures if filed without service copy 21 days in advance | 0.4 | 465.8 | $186.32 | | | 0.4 | |
| 6-Apr-22 | Jose Gill | Research Rule 11 timeliness and pre filing service requirements in AZ | 0.4 | 407.57 | $163.03 | | | | 0.4 |
| | Jose Gill | Preparing Plaintiff's fee motion and exhibits in support | 2.7 | 407.57 | $1,100.44 | | | | 2.7 |
| | Russell S. Thompson | Reviewing, revising, and approving preparing Plaintiff's fee motion | 0.8 | 465.8 | $372.64 | Duplicative attorney work | | | |
| | Russell S. Thompson | Preparing his declaraction for fee motion | 1.4 | 465.8 | $652.12 | | | 1.4 | |
| | Jose Gill | Reviewing declaration for fee motion | 0.4 | 407.57 | $163.03 | | | | 0.4 |
| | | | 106.9 | Total (requested): | $47,779.26 | Total Hours Awarded per lawyer | | 32.4 | 20.6 |
| | | | | | | Fees awarded per lawyer (Russell S. Thompson - $350/Hour; Jose Gill $300/Hour) | | $11,340.00 | $6,180.00 |
| | | | | | | Total Fee Award: | | $17,520.00 | |